IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **WILLIAM RANDALL BLACKWELL,** | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 3:11-CV-11 (CAR) |
| | : | |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| Defendant. | : | |

_____

### ORDER ON THE RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 10] that the Court affirm the decision of the Commissioner denying Plaintiff's application for disability benefits.  Plaintiff has filed a timely Objection to the Recommendation [Doc. 11].  The Court notes that Plaintiff's Objection primarily restates arguments that were presented to the Magistrate Judge in Plaintiff's original brief.  Nevertheless, the Court has conducted a *de novo* review of the administrative record and the Commissioner's decision.  For the reasons stated below, the Recommendation is accepted and the decision of the Commissioner of Social Security is affirmed.

In his Objection, Plaintiff asserts: (1) the ALJ made a credibility error and failed to properly consider Plaintiff's subjective complaints of pain; (2) the ALJ erred in failing to give the treating physician's records significant weight; (3) the Magistrate Judge

1

failed to discuss the ALJ's alleged improper use of two RFCs; and (4) the ALJ did not propound appropriate hypotheticals to determine Plaintiff's vocational status.  The Recommendation sets forth a detailed analysis of the administrative record and the applicable legal standards, and that analysis need not be restated.

First, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in discounting Plaintiff's subjective complaints of disabling pain.  "If the ALJ decides not to credit a claimant's testimony as to [his] pain, he must articulate explicit and adequate reasons for doing so." Foote v. Charter, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  Upon review of the record, the ALJ properly applied the pain standard and found Plaintiff's testimony credible only to the extent that it was consistent with Plaintiff's RFC for a reduced range of light work.  As the Magistrate Judge noted, the ALJ's credibility finding and consideration of Plaintiff's testimony is supported by substantial evidence and therefore the ALJ did not err discounting Plaintiff's subjective complaints.

Plaintiff also takes issue with the Magistrate Judge's determination that the ALJ gave proper weight to the medical opinion of Plaintiff's treating physician, Dr. LeBlond.  The Court notes that Plaintiff merely disagrees with the Magistrate Judge's findings on this issue, and restates arguments from his initial brief.  Specifically, Plaintiff asserts that the ALJ cherry-picked certain portions of Dr. LeBlond's records instead of viewing

2

the records as a whole.  The ALJ has the responsibility for weighing the medical evidence and resolving any conflicts.  Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).  As the Magistrate Judge noted, the ALJ only rejected two specific pieces of evidence, a 2006 letter and questionnaire from Dr. LeBlond, finding them inconsistent with the bulk of his medical records.  The ALJ's decision was supported by substantial evidence and therefore Plaintiff's objections on this issue are without merit.

Plaintiff also asserts that the Magistrate Judge should have addressed Plaintiff's contentions that the ALJ improperly relied on two RFCs from non-treating, non-examining physicians.  As an initial matter, the Court notes that although Plaintiff mentioned this issue in passing in his initial brief, it does not appear that it was fully addressed before the Magistrate Judge by either side.  Nevertheless, Plaintiff appears to now argue that the ALJ erred in not finding a conflict between these RFCs and Dr. LeBlond's records.  Specifically, Plaintiff asserts that these RFCs were not supported by objective evidence because they failed to address Plaintiff's post-surgical MRIs.  Thus, Plaintiff's objection to this issue is ultimately a basic disagreement with the findings of the state agency reviewing physicians, and not with the ALJ's use of this evidence.  As the ALJ pointed out, state agency physicians are experts in Social Security disability programs, and the ALJ was required to consider this evidence pursuant to 20 C.F.R. §§ 404.1527(f) and 404.927(f).  The ALJ found these RFCs to be consistent with the record,

3

and the Court rejects Plaintiff's assertion that the ALJ should have sought clarification from Dr. LeBlond.

Finally, Plaintiff repeats his argument that the ALJ failed to propound appropriate and complete hypotheticals to the Vocational Expert during the hearing. As the Magistrate Judge fully explained, after the ALJ determined that Plaintiff's alleged exertional and non-exertional impairments were not supported by the record, the ALJ was not required to include those impairments in the hypothetical.  Thus, Plaintiff's objections on this issue are without merit.

For the foregoing reasons, the Recommendation is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**; the final decision of the Commissioner is hereby **AFFIRMED**.

SO ORDERED, this 23rd day of February, 2012.

S/  C. Ashley Royal  
C. ASHLEY ROYAL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

AES